J-A15009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| E. DALE KUNKLE AND GARY A. FIRESTONE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT G. POYDENCE | : | |
| | : | No. 1145 WDA 2022 |
| Appellant | : | |

Appeal from the Order Entered September 2, 2022
In the Court of Common Pleas of Westmoreland County
Civil Division at No. 1607-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                         **FILED: JULY 14, 2023**

Robert G. Poydence (Appellant) appeals *pro se* from the trial court's order denying his motion to strike the praecipe for discontinuance filed by E. Dale Kunkle (Kunkle) and Gary A. Firestone (Firestone), in this dispute over the boundary line between the parties' properties.  We affirm.

In the parties' most recent appeal, we recounted the following facts and procedural history:

> The parties are neighboring landowners with property located in the "Ralph Miller Plan of Lots," recorded in the Westmoreland County Recorder of Deeds Office on February 27, 1980 at Plan Book Volume 87, page 169.  Ralph Miller [(Miller)] made a series of conveyances of the subject [l]ots, including conveying Lots 4 and 5 in the Original Subdivision to [Carl M.] Vince and his wife in 1981, conveying Lot 2 to Gary J. Hopkinson in 1983, conveying Lot 1 to [Appellant] in 1985, and conveying

---

* Retired Senior Judge assigned to the Superior Court.

Lot 3 to Charles Vernosky in 1985. [Hopkinson later conveyed Lot 2 to Kunkle and his wife, Helen Kunkle].

After purchasing Lot 1 in 1985, [Appellant] had a survey of his land completed, which found the existence of a 50-foot strip of untitled ground. Accordingly, [Appellant] commenced an action (Westmoreland County Court of Common Pleas No. 4980 of 1989) against [] Miller and all other [g]rantees, alleging that he was the owner of the untitled 50 feet, which resulted in a non-jury verdict[.] …. **[The trial court] concluded [Appellant] had received the land he bargained for when he purchased Lot 1 and that he was not the owner of the 50-foot strip of excess land.** [Appellant] appealed that decision and the [decision] was affirmed by the Superior Court. ***Poydence v. Miller***, [599 A.2d 708 (Pa. Super. 1991) (unpublished memorandum)].

Subsequently, in 1995, a second proceeding between the parties was filed at [] Westmoreland County Court of Common Pleas[] Docket No. 8870 of 1995. This time, Kunkle [] [filed an action to] quiet title[,] seeking a determination that he was the owner of the 50-foot strip of land at issue in the previous case. The trial court dismissed that action, in part, on the basis of collateral estoppel and *res judicata*, but also because no party could prove with certainty where the excess ground was located. [The trial court] commented in Paragraph 21 of [its] Findings of Fact that two surveyors testified at trial and that neither was convincing.

….

**[The trial court] concluded, "Although everyone agrees that there is excess ground, no party has proven with certainty where the excess is located." Accordingly, the court dismissed [the c]omplaint as the[ parties] failed to prove where the excess ground was located and failed to prove that they owned the parcel of ground claimed.**

In 2013, [Appellant] filed an emergency petition alleging [that] Kunkle cut and/or trimmed bushes in the disputed excess land, and [the trial court] ordered on August 26, 2013[,] that the parties maintain the *status quo* of the properties, including a prohibition from erecting fencing, obstructing the areas, and/or cutting bushes or other landscaping. [The trial court] reinforced

said *status quo* ruling on December 26, 2013, when it dismissed [Appellant's] emergency petition, which decision was affirmed by the Superior Court. [**See Kunkle v. Poydence**, 116 A.3d 685 (Pa. Super. 2014) (unpublished memorandum).]

On September 12, 2014, [] Miller recorded a "Corrective Plan of the Ralph Miller Subdivision" (hereinafter, Corrective Subdivision [plan]) in the Westmoreland County Recorder of Deeds. Said Corrective Subdivision [plan] adds additional land to Lots 2, 3, 4 and 5, while relocating Lot 1, which is owned by [Appellant]. The added land was deeded from Miller and his wife, Shelly A. Miller (collectively, "the Millers") to Kunkle and Vince. [Kunkle and Vince executed the Corrective Subdivision plan; Appellant did not execute the Corrective Subdivision Plan.] Accordingly, on December 5, 2015, [the trial court] dismissed [the] motion requesting permission to record corrective deeds.

**Kunkle v. Poydence**, 216 A.3d 381 (Pa. Super. 2019) (unpublished

memorandum at 1-3) (citation and footnote omitted, emphasis added).

Kunkle and Vince thereafter filed a complaint for declaratory judgment.

We explained:

[Kunkle and Vince] requested the trial court "remove the *status quo* requirement and allow the deeds from the Millers to [] Kunkle and [] Vince and the deed from [] Kunkle to [] Vince to be recorded." Complaint for Declaratory Judgment, 4/5/2016, at ¶ 14. In response, [Appellant] filed preliminary objections averring that [the declaratory judgment] complaint should be dismissed or appropriately amended because, *inter alia*, [Kunkle and Vince] failed to join several indispensable parties, including the Millers. [Appellant's] Preliminary Objections, 10/31/2016, at ¶¶ 11-14. … Following a hearing, the trial court overruled [Appellant's] preliminary objections, finding, *inter alia*, that the "alleged necessary parties, as identified by [Appellant], are not necessary parties …. Order, 6/21/2017, at ¶ 4.

Eventually, [Appellant] filed a motion for summary judgment. [Appellant] alleged that the complaint initiated by [Kunkle and Vince] was barred by collateral estoppel and *res judicata*, or in the alternative, that the Corrective Subdivision plan was null and void because the Millers "did not hold title to the

- 3 -

property referenced in the deed and, as such, [] had no authority to make the conveyance." Motion for Summary Judgment, 5/30/2018, at ¶¶ 37-64. A hearing was held on August 8, 2018. On August 13, 2018, the trial court issued an opinion and order wh[ich] granted [Appellant's] motion for summary judgment on the basis of collateral estoppel and *res judicata*, dismissed [the declaratory judgment] complaint with prejudice, struck the Corrective Subdivision plan, reinstated the original subdivision plan, and directed the parties to maintain the *status quo*. *Id.* at 7-8.

*Kunkle*, 216 A.3d 381 (Pa. Super 2019) (unpublished memorandum at 4-5) (footnote omitted).

Kunkle and Vince timely appealed, and this Court reversed the grant of summary judgment in favor of Appellant. We concluded:

[T]he parties' dispute as to whether the Millers had the right and ability to convey the disputed land and to execute the Corrective Subdivision plan directly implicates the Millers and their interests. Similarly, both the trial court's striking of the Corrective Subdivision plan and the court's directive that the *status quo* remain in place, further demonstrate the extent to which the Millers are connected to this action. The Millers were parties to the corrective deeds, and it was Miller who filed the Corrective Subdivision plan with the Westmoreland County Recorder of Deeds. Without being parties to this action, the Millers were unable to defend their positions and/or dispute [Appellant's] position that Miller did not have the authority to issue the Corrective Subdivision plan. As such, we find that allowing the case to proceed without the Millers would deprive them of due process. **Accordingly, the Millers are indispensable parties to the instant action.**

*Id.* at 7-8 (emphasis added). We therefore vacated the summary judgment order and remanded for either joinder of the Millers or dismissal of the action.

*Id.* at 8.

J-A15009-23

On remand, the trial court ordered Kunkle and Vince to join all indispensable parties. Order, 5/9/19. The trial court explained what next transpired:

> Despite numerous status conferences, and agreements between the parties to negotiate a settlement, the Millers were never added as indispensable parties, an agreement was never reached, and the merits of the action were never put before the [trial c]ourt. On April 9, 2021, [Appellant] filed a Motion to Dismiss based on the lack of activity and failure to join the Millers. In response, the parties again asked for time to attempt a resolution of the matter. There is no evidence of record that [Appellant] ever put his Motion to Dismiss before the [trial court] for a resolution on the merits. In fact, no further action was taken by either party until almost an entire year later on August 5, 2022. At that time, [Kunkle and Firestone[1]] filed a praecipe to discontinue the action pursuant to Pa.R.C.P. 229(a).
>
> In response, [Appellant] filed a motion asking [the trial court] to strike [the] discontinuance. Not only did [Appellant] want a dismissal with prejudice, but he also wanted the [trial court] to grant him the relief he requested throughout the action[,] despite the merits never being heard by the [trial court] and the Millers never being added as indispensable parties. After oral argument, [the trial c]ourt entered an order on September 2, 2022 denying [Appellant's] motion to strike the discontinuance….

Trial Court Opinion, 10/27/22, at 2 (footnote added).

Appellant timely appealed and filed a court-ordered concise statement pursuant to Pa.R.A.P. 1925(b).

Appellant presents the following issues for review:

---

[1] By deed dated September 16, 2020, Vince's agent conveyed to Firestone Lots 4 and 5 in the Ralph Miller Plan of Lots. Petition in Support of Substitution, 10/16/20. The trial court granted substitution on October 16, 2020.

- 5 -

I.    Did the trial court abuse its discretion and/or err[] as a matter of law by denying Appellant's petition to strike off discontinuance and memorandum of law in support thereof, which is based on valid [Pa.R.C.P.] 229(c) law and case law?

II.   Did the trial court abuse its discretion and/or err[] as a matter of law by not ruling and moving expeditiously on Appellant's motion to dismiss, with prejudice, and void and strike their unlawfully recorded deed and plans, when plaintiffs failed to add and join the indispensable parties as court ordered, and thus not maintaining judicial economy and efficiency?

III.  Did the trial court err[] in permitting attorney, Mr. Francis Murrman, Esq., to appear in court purportedly on behalf of the deceased plaintiff, E. Dale Kunkle[?]

Appellant's Brief at 7 (capitalization modified).

Appellant first argues the trial court improperly denied his motion to strike the discontinuance. *Id.* at 20. Appellant claims he has "endure[d] the burden of litigating three lawsuits and multiple frivolous motions/petitions over a span of thirty-five (35) years, all claiming the same issues[.]" *Id.* at 21. Appellant recognizes this Court's prior holding that "indispensable parties be added or the case be dismissed." *Id.* at 22. According to Appellant, Kunkle and Firestone failed to act on this Court's directive. *Id.* at 22-23. Appellant asserts that when Kunkle died, Kunkle's son, who was the administrator/trustee of Kunkle's estate, did not enter an appearance. *Id.* at 23.

Appellant maintains that discontinuance was improper because of his pending motion to dismiss the action, which he had filed on August 16, 2021. *Id.* at 27. Appellant claims he is entitled to the resolution of his motion, which

- 6 -

relied on prior dispositive rulings by the trial court regarding boundary lines between the properties. *Id.*

Appellant cites *Nichols v. Horn*, 525 A.2d 1242 (Pa. Super. 1987), to support his claim he suffered prejudice as a result of the discontinuance. Appellant's Brief at 27-28. Appellant argues the trial court should have granted the relief he requested in his motion to dismiss. He maintains the

> "corrective" plan and deeds must be stricken and voided, and [Appellant's] eastern boundary line, be set and established per the original Miller Plan. If such instruments were allowed to stand of record, it would create a perpetual cloud on [Appellant's] title, significantly limiting his legal right to freely market his real property and still cloud his title caused by the fraudulent deeds and plan. It is critical to dismiss with prejudice in order to prevent [Kunkle and Firestone] from commencing any additional litigation which serves only to impair [Appellant's] title.

*Id.* at 29.

Pertinently, Pennsylvania Rule of Civil Procedure 229 provides:

**Rule 229**. Discontinuance

**(a)** A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

....

**(c)** The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229(a), (c).

We have explained:

A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. However, **the discontinuance is subject to be stricken for cause shown:**

The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party[.]

A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

**Pohl v. NGK Metals Corp.**, 936 A.2d 43, 46-47 (Pa. Super. 2007) (citations omitted, emphasis added). In deciding whether to strike a discontinuance, the trial court must "consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted." **Id.** at 47 (citation omitted).

Appellant cites **Nichols**, where this Court stated:

We think prejudice has been shown where, as here, a motion for summary judgment has been filed and the party seeking to strike the discontinuance would be entitled to summary judgment if the discontinuance was not allowed.

**Nichols**, 525 A.2d at 1243 (citation omitted).

Instantly, the trial court rejected Appellant's claim that he suffered prejudice resulting from the discontinuance. The court reasoned:

In his 1925(b) statement, [Appellant] [] argued that the extent of the litigation caused him harassment, the discontinuance deprived him of the dispositive rulings in the action, and the discontinuance allows [Kunkle and Firestone] to circumvent the court's past judgments by refiling the same claims against [Appellant].

However, [Appellant] was not prejudiced by [the] discontinuance because it was impossible for the case to reach a final resolution other than dismissal. Three years have passed since the Superior Court overruled summary judgment and [the trial court] directed [Kunkle and Firestone] to join the Millers. The consequence of a failure to do so was dismissal. No one was able to join them, and the discontinuance … reflects the fact that [Kunkle and Firestone] cannot proceed with their claim as a result. The actual inconvenience, harassment, expense and prejudice would come as the result of permitting the action to remain an open case when [Kunkle and Firestone] realistically cannot move forward to a final resolution.

**Although [Kunkle and Firestone] could potentially refile regarding the same strip of land, the procedural posture of both this case and the case held before [the trial court] would make that refiling difficult, as [the court] held that the location and ownership of the land could not be determined**. Further, they would have to ensure at the time of filing that the Millers were properly joined to satisfy the Superior Court ruling. In addition, [the trial court's] grant of summary judgment was not overruled by the Superior Court on its merits, and [Kunkle and Firestone] would still have to overcome the issues of *res judicata* and collateral estoppel. Therefore, **the mere fact that a refiling might occur does not prejudice [Appellant] and was insufficient to justify striking the discontinuance.**

**Also, [Appellant] would not be deprived of any dispositive rulings in this action. A review of the record shows that there were no dispositive rulings.** Every order entered merely maintained the status quo, which was the ruling by [the trial court] that the location and ownership of the land could not be determined. **The discontinuance in this action has no effect on that ruling, and there is no way for [Kunkle and Firestone] to circumvent that ruling. Further, even if [the trial court] dismissed the action with prejudice, it would not eliminate the fact that the land at issue is still in dispute, with no clear determination as to its ownership or location.** The unresolved nature of the factual dispute leaves the matter ripe for potential litigation whether the matter is discontinued with or without prejudice. Although [Appellant] attempts to resolve this issue by asking [the trial court] to strike

- 9 -

the new deeds/plan, the [c]ourt cannot provide that relief because of the Superior Court ruling. Since [Appellant] is not deprived of any dispositive rulings, and no dispositive rulings can be made based on the procedural posture of the case, [Appellant] failed to establish sufficient prejudice for th[e trial c]ourt to strike the discontinuance.

Trial Court Opinion, 10/27/22, at 4-5 (emphasis added).

The trial court's analysis is supported by the record and legally sound. Appellant has failed to establish that striking the discontinuance would protect him from "unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c). Thus, Appellant's first issue does not merit relief. *See* Trial Court Opinion, 10/27/22, at 4-5.

In his second issue, Appellant challenges the trial court's failure to "expeditiously" dismiss Kunkle and Firestone's action for "not maintaining judicial economy and efficiency." Appellant's Brief at 36. Appellant does not explain how the trial court's failure to act sooner warrants the striking of the discontinuance. As the trial court recognized, **it lacked jurisdiction** to strike the new deeds and plans challenged by Appellant, based upon this Court's prior ruling. *See Kunkle*, 216 A.3d 381 (unpublished memorandum at 8). Appellant's claim of regarding judicial economy, in the absence of prejudice, does not support striking the discontinuance. *See* Pa.R.C.P. 229(c). Appellant's issue lacks merit.

Finally, in his third issue, Appellant argues the trial court erred in allowing Francis Murrman, Esquire (Attorney Murrman), to appear in court on behalf of Kunkle when Kunkle was deceased. Appellant's Brief at 44. Our

- 10 -

review discloses Appellant did not raise this issue during Attorney Murrman's appearance, in Appellant's motion to dismiss, or in his motion to strike the discontinuance. In his memorandum of law in support of his motion to strike the discontinuance, Appellant mentioned that Attorney Murrman did not represent a living party. Memorandum, 9/2/22, at 6. However, Appellant failed to seek relief on this basis or make a legal argument in support of relief. *See id.* As such, the trial court was not afforded the opportunity to address this issue until after Appellant filed his notice of appeal. Accordingly, we conclude Appellant has waived this issue. *See* Pa.R.A.P. 302(a) (stating issue cannot be raised for the first time on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2023